**FILED**

**July 14, 2017**

**TN COURT OF
WORKERS' COMPENSATION
CLAIMS**

**Time 12:16 PM**



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT KNOXVILLE

| | |
|---|---|
| BRENT A. ALLSUP,<br>          Employee, | ) Docket No.  2017-03-0418 |
| v. | ) |
| LENOIR CITY UTILITIES BOARD,<br>          Employer, | ) State File No. 19174-2017 |
| and<br>THE POOL,<br>          Carrier. | ) Judge Lisa A. Lowe |

## EXPEDITED HEARING ORDER GRANTING BENEFITS
### (Decision on the Record)

This matter came before the undersigned Workers' Compensation Judge upon the Request for Expedited Hearing filed by Mr. Allsup seeking a decision on the record in lieu of convening an evidentiary hearing.  Lenoir City Utilities Board (LCUB) did not file a Response to the Request for Expedited Hearing and did not request an evidentiary hearing.  The Court issued a Docketing Notice on June 23, 2017, listing the documents to be considered.  This Court gave Mr. Allsup and LCUB until July 5, 2017, to file objections and/or position statements.  Neither party filed objections, but both filed supporting briefs.

Upon careful consideration of the record, this Court finds it needs no additional information to determine whether Mr. Allsup is likely to prevail at a hearing on the merits of the claim.  Accordingly, pursuant to Tennessee Code Annotated section 50-6-239(d)(2) (2016) and Tennessee Compilation Rules and Regulations 0800-02-21-.14(1)(c) (2016), the Court decides this matter upon a review of the written materials.

The present focus of the case is whether Mr. Allsup is entitled to additional medical benefits. The central legal issue is whether Mr. Allsup came forward with sufficient evidence demonstrating he is likely to prevail at a hearing on the merits that he suffered an aggravation of a pre-existing condition arising primarily out of and in the course and scope of his employment and resulting in the need for medical treatment. For

1

the reasons set forth below, the Court holds Mr. Allsup satisfied his burden and LCUB shall either designate Dr. Calhoun as the authorized treating physician or provide a panel of orthopedic physicians for reasonable and necessary treatment related to his work injury.

## History of Claim

Mr. Allsup is a thirty-eight year old resident of Knox County, Tennessee. LCUB employed Mr. Allsup as a lead lineman. On March 17, 2017, while working in a raised bucket demonstrating how to safely perform a maneuver with a live wire, Mr. Allsup grabbed the wire with his left hand to hold the wire steady to make a cut. He grabbed the wire cutter and rested one handle on his right shoulder and pulled the other handle down with his right hand. He immediately felt a pop and pain in his right elbow.

Mr. Allsup informed his foreman, Jeff Rankin, who verbally gave him options of physicians for treatment. Mr. Allsup chose Lakeway Urgent Care and saw Nurse Practitioner Jordan O'Dell. NP O'Dell diagnosed him with right elbow pain, placed his wrist in a splint and released him for work without restrictions. Subsequently, Dr. John Sanabria, also at Lakeway Urgent Care, diagnosed Mr. Allsup with lateral epicondylitis and assigned restrictions including left-handed duty only until cleared by an orthopedic physician. During that visit, Mr. Allsup reported ongoing issues with tennis elbow being treated by his primary care provider, Dr. Charles Robinson, and orthopedic surgeon, Dr. Douglas Calhoun. Dr. Sanabria reviewed Dr. Robinson's records but did not review Dr. Calhoun's records. After doing so, he noted:

> . . . it seems fairly obvious that the patient has been having ongoing issues with lateral epicondylitis in the right elbow which are not attributable to any specific trauma or strain at work. The incident at work on 03/17/17 was clearly an aggravation of his pre-existing condition. As such he will need to get with his PCP/orthopedist to continue the plan of care as a non-work related issue.

Additionally, Dr. Sanabria responded to a medical questionnaire and checked "no" to the question, "Considering all causes, as opposed to possibility or speculation, did the patient's employment more likely than not contribute more than 50% in causing the alleged injury or condition." Because of this opinion, LCUB filed a Notice of Denial on March 31 stating that the injury did not arise out of or in the course and scope of employment.

After LCUB's denial, Mr. Allsup returned to Dr. Robinson, who provided conservative care. Dr. Robinson stated, "I believe he reinjured the previous injuries and may have worsened the tear. I think that since he had been released to work on the

2

previous injury, he has been able to work his full job description until this most recent injury. I think that the newest work accident is at least > 51% of the cause of his current pain/condition as the injury at least caused an exacerbation of his previous injury." In response to a medical causation letter, Dr. Robinson responded "yes" that Mr. Allsup's employment on March 17, 2017, caused a new lateral epicondylitis injury to his right upper extremity.

Based on that diagnosis and causation statement Mr. Allsup returned to Dr. Calhoun for care. After review of the medical records and diagnostic testing (including a new MRI and nerve conduction studies), Dr. Calhoun diagnosed Mr. Allsup with lateral epicondylitis and cubital tunnel syndrome. In response to a medical causation letter, Dr. Calhoun marked "yes" that Mr. Allsup's employment on March 17, 2017, caused a new lateral epicondylitis injury to his right upper extremity. Dr. Calhoun performed surgery on Mr. Allsup's right elbow on June 1, 2017.

Mr. Allsup requests that the Court designate Dr. Calhoun as his authorized treating physician, or in the alternative, order LCUB to provide a panel of orthopedic physicians for ongoing treatment. Mr. Allsup reserves the issues of temporary total disability benefits arrearage, payment of past medical expenses, and attorney's fees for a later time.

LCUB states that Mr. Allsup has not presented sufficient medical evidence to rebut Dr. Sanabria's opinion that Mr. Allsup's employment did not contribute more than 50% in causing his right elbow condition.

### Findings of Fact and Conclusions of Law

The following legal principles govern this case. An aggravation of a pre-existing condition is a compensable injury when "it can be shown to a reasonable degree of medical certainty that the aggravation arose primarily out of and in the course and scope of employment." Tenn. Code Ann. § 50-6-102(14)(A) (2016). As the Workers' Compensation Appeals Board explained in *Miller v. Lowe's Home Centers, Inc.,* 2015 TN Wrk. Comp. App. Bd. LEXIS 40, at *13 (Oct. 21, 2015), "[A]n employee can satisfy the burden of proving a compensable aggravation if: (1) there is expert medical proof that the work accident "contributed more than fifty percent (50%)" in causing the aggravation, and (2) the work accident was the cause of the aggravation "more likely than not considering all causes." However, an employee need not prove each and every element of his or her claim by a preponderance of the evidence at an expedited hearing to obtain temporary disability or medical benefits but "must come forward with sufficient evidence from which the court can conclude that he or she is likely to prevail at a hearing on the merits, consistent with Tennessee Code Annotated section 50-6-239(d)(1)." *Id., citing McCord v. Advantage Human Resourcing,* 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *9 (Mar. 27, 2015). In addition, the opinion of the authorized treating physician "shall be presumed correct on the issue of causation but this presumption shall be

3

rebuttable by a preponderance of the evidence." Tenn. Code Ann. § 50-6-102(14)(E) (2016).

Here, there are differing expert medical opinions. In these situations, the Appeals Board affirmed longstanding Tennessee law when it held, "A trial court generally has the discretion to choose which expert to accredit when there is a conflict of expert opinions." *Brees v. Escape Day Spa & Salon,* 2015 TN Wrk. Comp. App. Bd. LEXIS 5, at *14 (Mar. 12, 2015) (internal citations omitted). In evaluating conflicting expert testimony, this Court may consider, among other things, "the qualifications of the experts, the circumstances of their examination, the information available to them, and the evaluation of the importance of that information through other experts." *Id.*

In comparing their qualifications, Dr. Sanabria is a family practice physician while Dr. Calhoun is an orthopedic surgeon. Dr. Sanabria saw Mr. Allsup on one occasion while Dr. Calhoun treated Mr. Allsup on numerous occasions both before and after this injury. Dr. Sanabria only reviewed Dr. Robinson's records related to Mr. Allsup's prior treatment; he did not review Dr. Calhoun's records nor was he privy to the new MRI and/or nerve conduction studies. The Court finds Dr. Sanabria did not have all of the relevant information available at the time he rendered his causation opinion. In contrast, Dr. Calhoun provided treatment for Mr. Allsup's prior elbow condition, which makes him uniquely qualified to address whether Mr. Allsup's March 17 employment activities caused an aggravation of the preexisting injury.

After careful consideration of the competing medical opinions, the Court places greater weight on Dr. Calhoun's opinion and holds it rebuts the presumption of correctness afforded to Dr. Sanabria's opinion by a preponderance of the evidence.

Therefore, as a matter of law, the Court holds Mr. Allsup has come forward with sufficient evidence to conclude he is likely to prevail at a hearing on the merits that he suffered an aggravation of a preexisting condition arising primarily out of and in the course and scope of his employment and grants his request for additional medical benefits.

**IT IS, THEREFORE, ORDERED** as follows:

1. Lenoir City Utilities Board shall provide Mr. Allsup with medical treatment for his injuries as required by Tennessee Code Annotated section 50-6-204 (2016). The employer has the right to control the medical treatment. Therefore, Lenoir City Utilities Board shall have the option of either designating Dr. Calhoun as the authorized treating physician or providing Mr. Allsup with a panel of orthopedic physicians for ongoing care.

4

2. This matter is set for a Scheduling Hearing on **September 15, 2017, at 10:00 a.m. Eastern Time**. The parties must call (865) 594-0091 or (toll-free) (855) 543-5041 to participate in the Scheduling Hearing. Failure to appear by telephone may result in a determination of the issues without your further participation.

3. Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3) (2016). The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance.

4. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit by email at WCCompliance.Program@tn.gov or by telephone at (615) 253-1471 or (615) 532-1309.

**ENTERED this the 14th day of July, 2017.**

**HON. LISA A LOWE, JUDGE**
**Court of Workers' Compensation Claims**

5

**APPENDIX**

The Court reviewed the entire case file in reaching its decision. Specifically, the Court reviewed the following documents:

1. Petition for Benefit Determination,
2. Dispute Certification Notice,
3. Request for Expedited Hearing,
4. Employee's Brief in Support of Employee's Request for an Expedited Hearing
5. Employer's Response in Opposition to Employee's Request for Expedited Hearing
6. Employer's Memorandum in Support of Employer's Response in Opposition to Employee's Request for Expedited Hearing
7. Affidavit of Brent A. Allsup
8. Affidavit of Pamela Dickover
9. Affidavit of Matt Fagiana
10. First Report of Work Injury, Form C-20
11. Notice of Denial of Claim for Compensation, Form C-23
12. Wage Statement, Form C-41
13. Panel of Physicians, Form C-42
14. March 31, 2017 Denial letter from The Poole
15. Medical Records of Lakeway Urgent Care (3/17/17; 3/20/17)
16. Medical Record of Family Care Specialists (4/6/17)
17. Medical Record of OrthoTennessee (5/15/17)
18. Causation Questionnaire of Dr. Douglas N. Calhoun (5/19/17)
19. Causation Questionnaire of Dr. Charles L. Robinson (5/19/17)
20. Table of Contents of Medical Records of
    a. Dr. Sanabria
    b. Dr. Robinson
    c. Dr. Calhoun

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order was sent to the following recipients by the following methods of service on this the 14th day of July, 2017.

| Name | Certified Mail | Fax | Email | Service sent to: |
|---|---|---|---|---|
| Timothy A. Roberto, Employee's Attorney | | | X | troberto@brownandroberto.com |
| John Batson, Employer's Attorney | | | X | jbatson@watsonroach.com |

PENNY SHRUM, Court Clerk
WC.CourtClerk@tn.gov

7